## WILLETTE, ADMINISTRATOR, *v.* MILLER.

[No. 7,108.   Filed June 7, 1910.]

1. WORK AND LABOR.—*Voluntary.*—*Contracts.*—Where work is performed voluntarily, without an express contract, or any hope of reward, under such circumstances that no implied promise could be inferred from the rendition thereof, no compensation can be recovered.   p. 134.

2. WORK AND LABOR.—*Domestic Services.*—*Implied Contracts.*—An adult, not a member of the family, performing domestic service, requesting payment therefor, and being promised payment when certain property should be sold, can recover therefor.   p. 134.

From Dearborn Circuit Court; *George E. Downey,* Judge.

Action by Mary D. Miller against Harry C. Willette, as administrator of the estate of W. H. H. Willette, deceased. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*John H. Russe* and *George B. Goodhart*, for appellant.

*Givan & Givan* and *James M. Benson*, for appellee.

COMSTOCK, C. J.—Appellee filed her claim in the court below against the estate of appellant's decedent for $500 principal and $90 interest thereon for work and labor as a general housekeeper, for cooking, sweeping and nursing, etc., for a period extending from May 15, 1902, to May 15, 1907.

The cause was put at issue and submitted to the court without the intervention of a jury, and a judgment rendered in favor of appellee for $390.

In appellant's motion for a new trial he asks for a reversal of the judgment for the following reasons: The judgment of the court is not sustained by sufficient evidence, and is contrary to law.

It is claimed on behalf of appellant that the services for which compensation is demanded were rendered voluntarily, without expectation, at the time of the performance thereof, that they would be paid for; that they were rendered under such conditions that no implied promise to pay could be inferred from their rendition, and that there was no express promise shown.

The law principle involved in this claim is correct. But, it does not apply to the evidence. Appellee was an adult. She was not related to decedent. The rendition of services and the value thereof are established without conflict of evidence. There is no evidence of an express agreement between appellee and decedent, but there is evidence from which an agreement to pay may be implied. She requested payment during his lifetime, and she says he put her off. He said he would pay when he sold certain property. This property was not sold during his lifetime. There is evidence fairly supporting the judgment, and there was nothing in the conduct or speech of appellee necessarily discrediting her claim.

Judgment affirmed.